Curia, per

O’Neall, J.
Before stating the conclusion to which we have come on the legal questions in this case, it is well enough to say that the offence made out by the proof is as slight an dne as can demand legal punishment; and that the whole conduct of the defendant, although it may be legally wrong, is yet free from moral blame. He is entitled, so far as we can judge from the facts before us, to the favorable consideration of the community into which he came as a stranger, confiding frankly in their kindness and generosity; and such a claim never has been, and we hope never will be, disregarded.
Two questions will be considered. 1st. Was the objection to the ft. fa. under which the sheriff acted, such an one as to destroy its authority 7 2d. Was the contract of the defendant with the Charleston hotel company, either a lease or a contract conferring on him the exclusive right of possession for 7 years'? 1st. The first question presents little difficulty. The rule is, if the process be void, it is no justification to the sheriff, but if it be merely irregular, then it is. It was irregular to issue a second ft. fa. when the first was not returned; but there is no doubt it was not void. Upon its face it was a ft. fa., issued in conformity to the judgment of a court, in a case of which it had jurisdiction. This was all to which the sheriff could look, Harvey vs. Huggins, 2 Bail. 252, 265, 2d. The second *428 question presents more difficulties.' It is conceded that the mere words or form are immaterial on the question of lease. The definition given in a note to 12 Petersdorf’s Ab. 93, is about as accurate as any which we can have. “ A lease for years is a contract between the lessor and lessee, by which the lessor contracts to grant the possession and enjoyment of land, or other hereditaments of a demisable nature, for a period of yeais certain ; and in most cases the lessee agrees to render to the lessor a rent in money, or any other kind of payment, at the end of stated periods of a year or more, during the term. Kent is not essential to the contract, because, from favor, or from valuable consideration given to the lessor at the time of making the lease, a lease, beneficial in its nature to the lessee, may be made without reserving any rent.” The contract under which the defendant claims to hold possession of the hotel and furniture, will be first considered under the question whether it can be a lease. All the cases agree in saying that this is a mere question of construction, and that there is no artificial rule by which it is to be decided. The intention of the parties is to be collected from the whole instrument ; and if it was intended as a lease, then is so to be regarded, otherwise not.
It is trué, that for seven years he was to “ reside with his family in the hotel, (free of all charge for board or rent;”) “ conduct the same in the manner contemplated by the parties, and to have the whole and exclusive management thereof,” and that the furniture, at the end of the term, should be returned to the company by the defendant. These provisions, standing by themselves, do not make a lease. It is true, the defendant is to have possession, but it is to “ manage and conduct.” He is the agent of the owners, acting for them. He has not the enjoyment, in the sense in which the term is employed in the definition. It is not for himself that the product is to be; it is for the owners, and out of it, by another part of the agreement, he is to be paid for his services. This is compensation for services to be rendered on and about the premises of the company ; but there is nothing like the enjoyment of the same in his own right, by the party in possession.
*429 It is true, rent is not essential to a lease; for, from favor, or valuable consideration, the tenant may have a lease without any render. Yet that must be in a case where a. lease was clearly intended. When, upon construction, it be doubtful whether a lease was intended or not, then it constitutes a very important circumstance, that rent was not reserved, eo nomine or substantially. In Harker et al. vs. Birkbeck et al., Burr. 1556, the words, “ doth let or set,” were used ; and in another part of the paper, Harker and his partners agree to pay Mrs. Moore or her agent, one sixth pig of lead, both at the ore hearth and slaghearth, for which her agent agrees to let them have the ground in which the ■ lead mine was the length of Mrs. Moore’s lease. She was to find a smelting mill, and to have liberty to inspect the workings whenever she pleased. The partners were not to cease working for two months; and Mrs. Moore was to carry one-eighth of this bargain. The court, through Lord Mansfield, said of this paper, “ it is no lease, because nothing is reserved to Mrs. Moore.” “ It rather seems that the legal property continued in Mrs. Moore ; so that it seems to be either an agreement for an assignment., or else a declaration of trust; an equitable interest, leaving the legal property in Mrs. Moore.”
This case, in some respects, is very analagous to the one before us, and shews that a mere participation in profits, with a possession which does not exclude the owner, will not make a lease.
Looking, however, to this agreement, and construing it from its own provisions, I have no difficulty in saying it never was intended to be a lease. For although it be true, that the word “term,” which is an appropriate word to designate a lease-hold estate, be used, vet it is perfectly clear, that like the words “ let or set,” it will be controlled by the plain meaning of the contract. Indeed it may mean the end of the period for which Page was employed, as well as of any interest which he had.
The agreement states that the company and Page had agreed “ for the keeping of the hotel,” “ for the term of seven continuous years ;” “ that Page, as the landlord, shall provide for the hotel,” “ shall contract no debts on account *430 of the concern, without the consent of the directors“ reside with his family in the hotel, (but free of all chárgefor board or rentkeep constantly in his employment a bookkeeper, who shall keep the accounts; “ but if the directors disapprove of him, he shall be discharged by Page; the books to be open for the examination of any of the directors.” These provisions certainly do not indicate any thing like a tenancy ; they are the very words by which we would empower any agent to act for us, and by which we would undertake to direct and control him in the management of our affairs.
These are followed by provisions for his compensation, varying according to the profits, but at last securing him, in any event, a certain compensation of $4000 per annum. Look to this, on the question of tenancy, and it would be strange, indeed, that the man, hired and paid to manage an establishment, should be its tenant. Compensation for services is the general criterion by which we ascertain that one acts for another.
Another provision in the contract is, that Page’s interest is personal, merely, not transferable to any one, not liable for his debts; and if Page should die, that compensation should be made to his representatives. This provision, in each and every one of its parts, is at war with the notion of a lease, or any legal interest, and must effectually destroy all such preténsions. The case of Maverick vs. Gibbes, 3 McCord, 211-217, is exactly the case before us; and I agree with Judge Col cock, when he said, “ Now here was an express contract for the personal services of Hunter, giving him no interest in the soil, and had he died, his executor would have had no power to enter. There would have been an end to the contract. He was to take charge of the farm and manage it in the best manner. There is no stipulation that he shall live on it, or be found in provisions; much less that he shall exclusively occupy any part of it. His intrusion was illegal, and the lessee, Gibbes, had the same right to expel him from the house, as if he had been a stranger.”
After this examination of the defendant’s contract, I am satisfied that it is no lease.
*431 If it be not a lease, it seems to me tbe contract can have no effect at law, as against the rights of the owners to possession. In shewing that the contract was not to be regarded as a lease, it lias been shewn that Page was in possession as agent of the owners, the hotel company, to manage for them. It follows from this, that he has no legal inter-est in the possession which could be set up against an execution for the debt of the company. His contract is with them, and for them, and when broken, his remedy at law is by action against the company.
The motion,for a new trial is dismissed.
Evans, Butler and Wardlaw, JJ., concurred.